# Commonwealth *v.* McHugh, Appellant.

*Liquor law—Selling liquor without a license—Act of May 13, 1887, sec. 15, P. L. 108.*

Where a person takes charge of, and runs the business of a licensed retail liquor establishment, and pays the licensed owner weekly wages for the latter's services in assisting in conducting the business, and does not have the license transferred to himself, he may be convicted of selling liquor without a license.

Argued March 13, 1912. Appeal, No. 19, Oct. T., 1912, by defendant, from judgment of Q. S. Lehigh Co., Oct. T., 1911, No. 8, on verdict of guilty in case of Commonwealth v. John McHugh. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Indictment for selling liquor without a license. Before TREXLER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Arthur G. Dewalt*, with him *Milton C. Henninger*, for appellant, cited: Barrett's License, 26 Pa. C. C. Rep. 178; Herbert's License, 5 Schuylkill Leg. Rec. 214; Reichard's Petition, 6 Schuylkill Leg. Rec. 390.

*Fred B. Gernerd*, with him *Lawrence H. Rupp*, district attorney, for appellee, cited: Keiper's License, 21 Pa. Superior Ct. 512.

OPINION BY MORRISON, J., March 1, 1912:

The defendant, John McHugh, was indicted under sec. 15 of the Act of May 13, 1887, P. L. 108, for the sale of vinous, spirituous, malt and brewed liquors, or admixtures thereof, without a license, etc. He was tried and convicted and, on January 6, 1912, the court sentenced

him to pay a fine of $1,000, pay the costs of prosecution and undergo imprisonment for a period of six months, etc. Hence this appeal.

The material facts in evidence warranted the jury in finding, in substance, that on March 14, 1910, a retail liquor license was granted by the court of quarter sessions of Lehigh county to Daniel A. Gallagher for premises No. 647 Front street in the city of Allentown, county of Lehigh, known as the Washington House, for a period of one year, commencing April 1, 1910. On the last-named date, Gallagher, the licensee, having purchased the stock, good will and fixtures from John McHugh, the former owner, took possession of the premises. Some time after this, the licensee's wife being sick, it was arranged between Gallagher and the defendant that the latter should take charge and run the business at the licensed place and pay Gallagher $13.00 per week for his services in assisting in conducting the business. In this manner the business was continued during the year. From the evidence the jury was fully warranted in finding that the defendant purchased and sold intoxicating liquors for nearly a year under the pretended protection of the license to Gallagher. It is not pretended that the Gallagher license was ever transferred to the defendant nor is it claimed that the defendant had any license or right to sell intoxicating liquors during the life of said license, except on an ingenious argument presented by his counsel that he could not be convicted of selling intoxicating liquors without a license because of this arrangement with the licensee, Gallagher. We are unable to see any force whatever in this argument. The court did not grant any license to McHugh for the year beginning April 1, 1910, and he having sold liquors during that year, and received the pay and profits therefor, we think the learned court below reached a correct conclusion in holding that the defendant was guilty in manner and form as he stood indicted, on the facts as found by the jury.

In Pennsylvania no man enjoys the right to sell any of

the liquors mentioned in the act of 1887 until he shall first have obtained, from the proper court of quarter sessions, a license authorizing him to make such sales. The defendant did not procure a license, for the year in question, and, therefore, if he was found guilty on competent evidence of selling such liquors at retail within the county of Lehigh within two years of the finding of the indictment, he was rightly convicted. Under the competent evidence the jury could not properly have reached any other conclusion than that the defendant was guilty.

In the charge the learned court said to the jury: "Has the commonwealth shown us beyond a reasonable doubt that McHugh assumed the part that Gallagher really ought to have had under the license? Did he undertake to exercise the privilege to sell whisky, without a license, carry on the business whether in his own name or in Gallagher's or take the profits? If he did that, the law does not contemplate that a license may be granted for such purpose. If you find the facts from the evidence are such, it is your duty to convict; but if you find that the commonwealth has failed to prove that, taking all the testimony in the case, then your verdict should be one of acquittal." Again, on consideration of the motion for a new trial, the court said: "Defendant was convicted of selling liquor without a license. The testimony of the commonwealth, if believed by the jury, clearly showed that he sold liquors, and ran the saloon and that the party actually licensed was his employee."

Under the law, and the facts as they must have been found by the jury, we think the case was correctly tried and a proper result reached.

The assignments of error are all dismissed and the judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with that part of the sentence which had not been performed at the time this appeal was made a supersedeas.